UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-cv-08609-JLS-MAA                               Date: November 22, 2021

Title:     _Lara v. Los Angeles Court_

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Narissa Estrada | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**     Order re: Filing of Petition

On October 29, 2021, the Court received and filed Petitioner Ralph J. Lara's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Section 2254") ("Petition"). (Pet., ECF No. 1.)

The Petition suffers from certain procedural defects that must be resolved before Petitioner may proceed with this action. These defects are listed below. The Court **ORDERS** Petitioner to respond to the following issues by no later than **December 22, 2021**.

**Personal Jurisdiction**

The proper respondent in a state habeas action is the "state officer having custody" of the petitioner. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citation and quotation marks omitted). "This person typically is the warden of the facility in which the petitioner is incarcerated." *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Failure to name the correct custodian as a respondent may deprive the court of personal jurisdiction over the petition. *See id.*

Petitioner named Los Angeles Court as the sole respondent to his Petition. (Pet. 1.)[1] Los Angeles Court is not the proper respondent to this action. Petitioner is **ORDERED** to file a response to this Order identifying by name the proper respondent—the warden of Salinas Valley State Prison, the institution in which Petitioner is incarcerated (*see id.*)—by no later than **December 22, 2021**.

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of the cited documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-cv-08609-JLS-MAA                                                         Date: November 22, 2021

Title:      _Lara v. Los Angeles Court_

Failure to do so will result in the Court's recommendation that the action be dismissed for lack of personal jurisdiction over the Petition.

**Petitioner is expressly cautioned that failure to respond to this Order by December 22, 2021 will result in a recommendation that the Petition be dismissed without prejudice for lack of personal jurisdiction, and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

**Unclear Basis for Habeas Relief**

In this case, although Petitioner filed the required Form CV-69, he does not state which, if any, grounds for federal habeas relief he intends to raise in the Petition.  (_See_ Pet. 5–7.)  Thus, reviewing the Petition as filed, it is unclear what legal claims Petitioner brings and what relief Petitioner seeks.  The Court also cannot ascertain whether Petitioner's claims are exhausted or whether the Petition is timely.

Accordingly, Petitioner is **ORDERED** to file, by no later than **December 22, 2021**, either (1) an amended petition clearly setting forth Petitioner's claims for habeas relief, or (2) a written response detailing why the Petition as it stands states cognizable, nonfrivolous claims for habeas relief.  The Clerk is directed to attach Form CV-69 to this Order.

Instead of filing a response to this Order, Petitioner may request to dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a).  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order.

Petitioner is advised that, should he continue with this federal case, he must show that he has exhausted his claims in the state courts.  In other words, if Petitioner has not yet presented the claims in the Petition to the California Supreme Court, then this Court may recommend dismissal of the Petition.  See 28 U.S.C. § 2254(b)(1)(A); _O'Sullivan v. Boerckel_, 526 U.S. 838, 845 (1999) (interpreting 28 U.S.C. § 2254(c)); _see also Gatlin v. Madding_, 189 F.3d 882, 888 (9th Cir. 1999) (applying _O'Sullivan_ to California).

**Petitioner is expressly cautioned that failure to respond to this Order by December 22, 2021 will result in a recommendation that the Petition be summarily dismissed for failure to**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-cv-08609-JLS-MAA                    Date: November 22, 2021

Title:     *Lara v. Los Angeles Court*

**prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

\* \* \*

It is so ordered.

<u>Attachments</u>
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))
Form CV-69 (Petition for Writ of Habeas Corpus by a Person in State Custody)