1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11   RALPH J. LARA,                          Case No. 2:21-cv-08609-JLS-MAA

12                    Petitioner,            **ORDER DISMISSING PETITION**
                                             **AND DISMISSING ACTION**
13            v.                             **WITHOUT PREJUDICE**

14   LOS ANGELES COURT,

15                    Respondent.

16

17

18   **I.      INTRODUCTION AND BACKGROUND**

19          On October 29, 2021, the Court received and filed Petitioner Ralph J. Lara's

20   ("Petitioner") *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254

21   ("Section 2254") ("Petition").  (Pet., ECF No. 1.)  Although Petitioner filed the

22   required Form CV-69, Petitioner does not state which, if any, grounds for federal

23   habeas relief he intends to raise in the Petition.  (*See* Pet. 5–7.)[1]

24          On November 22, 2021, the Court issued an Order identifying certain

25   procedural defects with the Petition:  (1) Petitioner did not name the proper

26   Respondent for a Section 2254 proceeding; and (2) the legal basis for the Petition

27

28
_____
[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-
generated headers of the cited documents.

1   was unclear because Petitioner did not state which, if any, grounds for federal

2   habeas relief he intended to raise in the Petition ("November 22 Order").  (Nov. 22,

3   2021 Order, ECF No. 6.)  The Court ordered Petitioner to file an amended petition

4   or written response addressing these defects by December 22, 2021.  (*Id.* at 1, 2–3.)

5   The Court cautioned Petitioner that "**failure to respond to this Order by**

6   **December 22, 2021 will result in a recommendation that the Petition be**

7   **summarily dismissed for failure to prosecute and failure to comply with a**

8   **court order pursuant to pursuant to Federal Rule of Civil Procedure 41(b).**"

9   (*Id.* at 2–3 (emphasis in original).)

10          On January 21, 2022, in the absence of any correspondence from Petitioner,

11   the Court issued an Order to Show Cause why the Petition should not be dismissed

12   for failure to prosecute and to comply with Court orders ("January 21 OSC").

13   (January 21, 2022 OSC, ECF No. 7.)  Petitioner's response to the January 21 OSC

14   was due no later than February 22, 2022.  (*Id.* at 1.)  The Court cautioned Petitioner

15   that "**failure to respond to this Order may result in dismissal of the Petition**

16   **without prejudice for failure to prosecute and/or failure to comply with a court**

17   **order pursuant to Federal Rule of Civil Procedure 41(b).**"  (*Id.* (emphasis in

18   original).)

19          To date, Petitioner has not responded to the January 21 OSC.

20

21   **II.    ANALYSIS**

22          **A.    Legal Standard**

23          District courts may dismiss cases *sua sponte* for failure to prosecute or for

24   failure to comply with a court order under Federal Rule of Civil Procedure 41(b).

25   *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005);

26   *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that federal

27   district courts have "inherent power" to dismiss cases *sua sponte* for lack of

28   prosecution).  Unless the Court states otherwise, a dismissal under Rule 41(b)—

1    other than for lack of jurisdiction, improper venue, or failure to join a party—

2    operates as an adjudication on the merits.  *See* Fed. R. Civ. P. 41(b).  Dismissal,

3    however, "is a harsh penalty and is to be imposed only in extreme circumstances."

4    *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460

5    F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128,

6    130 (9th Cir. 1987)).  "A Rule 41(b) dismissal must be supported by a showing of

7    unreasonable delay."  *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting

8    *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (quotation marks

9    omitted)).

10        Before dismissing an action for failure to prosecute or failure to comply with a

11   court order, a district court must weigh five factors:  "(1) the public's interest in

12   expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

13   risk of prejudice to the defendants; (4) the public policy favoring disposition of cases

14   of their merits; and (5) the availability of less drastic sanctions."  *Ghazali*, 46 F.3d at

15   53–54 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)) (failure

16   to follow a local rule); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir.

17   2002) (failure to prosecute or failure to comply with a court order).  The Ninth

18   Circuit will "affirm a dismissal where at least four factors support dismissal, or

19   where at least three factors strongly support dismissal."  *Dreith v. Nu Image, Inc.*,

20   648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983,

21   990 (9th Cir. 1999)).

22

23        **B.     The Factors Support Dismissal.**

24             1.     The Public's Interest in Expeditious Resolution and the Court's

25                    Need to Manage its Docket

26        Courts usually review the first factor (the public's interest in expeditious

27   resolution of litigation) in conjunction with the second factor (the Court's need to

28   manage its docket).  *See Prods. Liab. Litig.*, 460 F.3d at 1227; *Moneymaker v.*

3

1   *CoBen (In re Eisen)*, 31 F.3d 1447, 1452 (9th Cir. 1994) (The first two factors are

2   usually reviewed together "to determine if there is an unreasonable delay.").  Here,

3   the first and second factors weigh in favor of dismissal.  "Orderly and expeditious

4   resolution of disputes is of great importance to the rule of law." *Prods. Liab. Litig.*,

5   460 F.3d at 1227.  Thus, "[t]he public's interest in expeditious resolution of

6   litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*,

7   191 F.3d at 990).  In addition, district courts "have an inherent power to control their

8   dockets," *Prods. Liab. Litig.*, 460 F.3d at 1227 (quoting *Thompson v. Hous. Auth. of*

9   *City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)), and "are best suited to

10   determine when delay in a particular case interferes with docket management and

11   the public interest." *Yourish*, 191 F.3d at 990 (quoting *Ash v. Cvetkov*, 739 F.2d

12   493, 496 (9th Cir. 1984)).

13          To date, Petitioner has not filed a response to the Court's November 22 Order

14   or its January 21 OSC.  Indeed, Petitioner has not communicated with the Court

15   since the Court received and filed the Petition on October 29, 2021.  The Court

16   concludes that Petitioner's failure to comply with Court orders and failure to

17   prosecute the lawsuit constitute unreasonable delay.  *See Thomas v. Maricopa Cty.*

18   *Jail*, 265 Fed. App'x 606, 607 (9th Cir. 2008) (holding that district court did not

19   abuse its discretion by dismissing *pro se* prisoner lawsuit for failure to respond to a

20   court order for almost three months).  Petitioner's noncompliance and inaction also

21   interfere with the public's interest in the expeditious resolution of this litigation and

22   hinder the Court's ability to manage its docket.  *See Prods. Liab. Litig.*, 460 F.3d at

23   1227 ("[The Ninth Circuit] defer[s] to the district court's judgment about when a

24   delay becomes unreasonable 'because it is in the best position to determine what

25   period of delay can be endured before its docket becomes unmanageable.'" (quoting

26   *Moneymaker*, 31 F.3d at 1451)).  For these reasons, the first and second factors favor

27   dismissal.

28   ///

1          2.  <u>Risk of Prejudice to Respondent</u>

2          The third factor also supports dismissal without prejudice.  The risk of

3   prejudice to a respondent is related to a petitioner's reason for failure to prosecute an

4   action.  *See Pagtalunan*, 291 F.3d at 642.  Here, Petitioner has offered no reason for

5   failing to file a response to the Court's November 22 Order or its January 21 OSC.

6   The absence of any reason indicates sufficient prejudice to Respondent.  *See*

7   *Yourish*, 191 F.3d at 991–92 (holding that a paltry excuse for default indicates

8   sufficient prejudice to the defendants); *see also Laurino v. Syringa Gen. Hosp.*, 279

9   F.3d 750, 753 (9th Cir. 2002) (holding that "a presumption of prejudice arises from a

10  plaintiff's unexplained failure to prosecute").

11

12          3.  <u>Availability of Less Drastic Alternatives</u>

13         The fourth factor also supports dismissal without prejudice.  "The district

14  court need not exhaust every sanction short of dismissal before finally dismissing

15  a case, but must explore possible and meaningful alternatives."  *Henderson v.*

16  *Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).  "Warning that failure to obey a

17  court order will result in dismissal can itself meet the 'consideration of

18  alternatives' requirement."  *Prods. Liab. Litig.*, 460 F.3d at 1229 (citing, *inter*

19  *alia*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1991) ("Moreover, our

20  decisions also suggest that a district court's warning to a party that his failure to

21  obey the court's order will result in dismissal can satisfy the 'consideration of

22  alternatives' requirement.")).  Here, the Court's November 22 Order cautioned

23  Petitioner that his failure to respond would result in a recommendation of

24  dismissal.  (Nov. 22, 2021 Order at 2–3.)  However, rather than dismissing the

25  Petition when Petitioner failed to respond to the November 22 Order, the Court

26  issued the January 21 OSC, warning Petitioner that his failure to respond might

27  result in dismissal of the Petition.  (Jan. 21, 2022 OSC at 1.)  Despite being

28  afforded 30 days to comply, Petitioner failed to respond to the January 21 OSC.

1          4.   Public Policy Favoring Disposition of Cases on Their Merits

2          The fifth factor weighs against dismissal.  "We have often said that the

3   public policy favoring disposition of cases on their merits strongly counsels

4   against dismissal."  *Prods. Liab. Litig.*, 460 F.3d at 1228 (citing *Hernandez*, 138

5   F.3d at 399).  On the other hand, "this factor 'lends little support' to a party whose

6   responsibility it is to move a case toward disposition on the merits but whose

7   conduct impedes progress in that direction."  *Id.*  (citations omitted).  Thus, this

8   factor alone does not preclude dismissal.

9

10          **C.    Dismissal of this Action is Appropriate.**

11          As discussed above, Petitioner's failure to comply with Court orders and

12   failure to prosecute this action constitute unreasonable delay.  In addition, four of the

13   dismissal factors weigh in favor of dismissal, whereas only one factor weighs

14   against dismissal.  "While the public policy favoring disposition of cases on their

15   merits weighs against [dismissal], that single factor is not enough to preclude

16   imposition of this sanction when the other four factors weigh in its favor."  *Rio*

17   *Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).

18          The Court concludes that dismissal of this action for failure to comply with

19   Court orders and failure to prosecute is warranted.  However, consistent with Rule

20   41(b) and this Court's exercise of its discretion, the dismissal should be without

21   prejudice.

22

23   **III.    CONCLUSION**

24          Accordingly, IT IS HEREBY ORDERED that (1) the Petition is **DISMISSED**

25   **without prejudice** failure to comply with a court order and failure to prosecute and

26   (2) the Clerk is directed to enter judgment dismissing this action without prejudice.

27   ///

28   ///

6

**IV.   CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  The Court has considered whether a certificate of appealability is warranted.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).  The Court concludes that a certificate of appealability is not warranted; thus, a certificate of appealability is **DENIED**.

DATED:  April 14, 2022

_____
JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE